UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OBED GUTIERREZ,

    Plaintiff,

v.    Case No. 8:19-cv-2453-T-CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claim for Disability Insurance Benefits (DIB). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1985, attended three years of college, and has past relevant work experience as a carpet cleaner and street sweeper operator. (R. 26, 54–55, 194). In February 2016, the Plaintiff applied for DIB alleging disability as of November 4, 2013, due to a lumbar vertebrate fracture he sustained when he fell from a ladder at work. (R. 169–70, 193, 1243). The Social Security Administration (SSA) denied the Plaintiff's application both initially and on reconsideration. (R. 60–92).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on July 23, 2018. (R. 34–59). The Plaintiff was represented by counsel at that hearing and testified on his own behalf. *Id.* A vocational expert (VE) also testified. *Id.*

On October 17, 2018, the ALJ found that the Plaintiff: (1) met the insured status requirements through September 30, 2018, and had not engaged in any substantial gainful activity since his alleged onset date of November 4, 2013; (2) had the severe impairment of degenerative disc disease of the lumbar spine with radiculopathy, status post fusion; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform a limited range of sedentary work;[1] and (5) based on the VE's testimony, could not engage in his past relevant work but was capable of making a successful adjustment to other jobs that exist in significant numbers in the national economy. (R. 15–28). Based on these findings, the ALJ concluded that the Plaintiff was not disabled. *Id.*

The Appeals Council denied the Plaintiff's request for review. (R. 1–6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

---

[1] In particular, the ALJ found that the Plaintiff could occasionally climb, crouch, kneel, and stoop; could frequently balance; and must avoid concentrated exposure to hazards or irritants, such as fumes, odors, dusts, gases, or poor ventilation. (R. 19).

2

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).[2]  A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[3] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in his past relevant work; and (5) can perform other jobs in the national economy given his RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004);

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)).  While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five.  *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  If the Commissioner carries that burden, the claimant must then prove he cannot engage in the work identified by the Commissioner.  *Goode*, 966 F.3d at 1279.  In the end, "'the overall burden of demonstrating the existence of a disability . . . rests with the claimant.'"  *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

     A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the matter after a hearing.  42 U.S.C. § 405(g).  Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence.  *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted).  Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019) (citations and quotations omitted).  In evaluating whether substantial evidence supports the Commissioner's decision, the Court may not decide the facts anew, make credibility determinations, or re-weigh the evidence.  *Ross v.*

*Comm'r of Soc. Sec.*, 794 F. App'x 858, 860 (11th Cir. 2019) (per curiam) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "[W]hile the court reviews the Commissioner's decision with deference to [his] factual findings, no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).

### III.

The Plaintiff argues on appeal that the ALJ's reasons for assigning minimal weight to the opinion of one of the physicians who examined him, Dr. Robert Chapa, are not supported by substantial evidence. (Doc. 18). The Commissioner counters that the ALJ applied the correct legal standards and that his decision is supported by substantial evidence. *Id.* After a careful review of the record and the parties' submissions, the Court finds no reversible error.

In evaluating an individual's disability claim, an ALJ "must consider all medical opinions in a claimant's case record, together with other relevant evidence." *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) (per curiam) (citing 20 C.F.R. § 404.1527(b)).[4] Medical opinions are statements from physicians or other acceptable medical sources "'that reflect judgments about the nature and severity

---

[4] Although this regulation has been amended effective March 27, 2017, the new regulations only apply to applications filed on or after that date. *See* 20 C.F.R. § 404.1520c. Because the Plaintiff submitted his application in February 2016, the older version of the regulation is controlling here.

of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite [his] impairment(s), and [the claimant's] physical or mental restrictions.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)).

An ALJ must state with particularity the weight given to a medical opinion and the reasons therefor. *Id.* at 1179. In rendering this determination, an ALJ must assess: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of the doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's opinion is with the record as a whole; and (5) the doctor's area of specialization. 20 C.F.R. § 404.1527(c). While an ALJ is required to consider each of these factors, he need not explicitly address them in his decision. *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011) (per curiam).

The Regulations set forth three tiers of medical opinions: (1) treating doctors; (2) non-treating, examining doctors; and (3) non-treating, non-examining doctors. *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (per curiam) (citing 20 C.F.R. §§ 404.1527(a)(2), (c)(1)–(2), 416.927(c)(1)–(2)). Treating doctors' opinions are accorded the most deference because there is a greater likelihood that these healthcare providers will "be able to give a more complete picture of the [claimant's] health history." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 (11th Cir. 2019) (per curiam) (citing 20 C.F.R. § 404.1527(c)(2)). As a result, the ALJ must give the opinion

6

of a treating doctor substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (per curiam).

The opinion of a one-time examining doctor, on the other hand, does not merit such deference. *Crawford*, 363 F.3d at 1160 (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)). And, a non-examining doctor's opinion is generally entitled to the least weight. *See Huntley v. Soc. Sec. Admin., Comm'r*, 683 F. App'x 830, 832 (11th Cir. 2017) (per curiam).

In the end, irrespective of the nature of their relationship with a claimant, an ALJ "is free to reject the opinion of *any* [doctor] when the evidence supports a contrary conclusion." *Id.* (citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)); *accord Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam) ("[T]he ALJ may reject any medical opinion if the evidence supports a contrary finding.").

In this case, as noted above, the Plaintiff's November 2013 fall from a ladder caused him to sustain a fracture in one of his lumbar vertebra. (R. 1243, 1321–25). Shortly after this accident, the Plaintiff underwent lumbar fusion surgery (R. 1243) and, approximately two months following his release from the hospital, began seeing a pain management physician, Dr. Jorge Chaumont (R. 959). Dr. Chaumont thereafter provided care to the Plaintiff until at least in or around 2018 and, during that time period, treated the Plaintiff primarily with medications, medial branch blocks, injections, and radiofrequency denervation. (R. 1404–80).

7

In September 2015, roughly two years after his fall, the Plaintiff visited Dr. Chapa for an occupational medical evaluation for the Plaintiff's worker's compensation provider. (R. 1125–36). Based upon his examination and review of the Plaintiff's lumbar x-rays, Dr. Chapa found that the Plaintiff had not yet reached full medical improvement and opined that he could perform light work, with ten pounds of frequent lifting and twenty pounds of maximum lifting. (R. 1135–36). Dr. Chapa also opined that the Plaintiff could sit for fifteen minutes at a time but would then need to walk around; could walk for fifteen minutes at a time but would then need to sit; and could not perform any bending, squatting, twisting, crawling, climbing, or working at heights. (R. 1136).

Approximately a month later, in late October 2015, the Plaintiff returned to Dr. Chapa's office for a follow-up visit. (R. 1137). During the course of that visit, Dr. Chapa determined that the Plaintiff had attained the limits of his medical improvement and had a permanent impairment rating of fifteen percent. (R. 1148–49). Dr. Chapa again opined that the Plaintiff could perform light work, with ten pounds of frequent lifting and twenty pounds of maximum lifting, and could sit for fifteen minutes at a time before requiring an opportunity to ambulate. (R. 1148). Dr. Chapa further opined, however, that the Plaintiff could only walk for five minutes at a time and would then need to sit for ten minutes. *Id*.

In making his RFC finding, the ALJ addressed Dr. Chapa's assessments of the Plaintiff's functional limitations and afforded them only "minimal weight." (R. 25).

Noting that Dr. Chapa was an examining source, the ALJ summarized the doctor's opinion and then stated as follows:

> Impairment ratings have no correlation to disability standards. Additionally, Dr. Chapa's assessment is inconsistent with other evidence. The claimant testified that he could sit for forty to sixty minutes and drive for about an hour, which is much greater than Dr. Chapa supposed. Dr. Chapa does not address the fact that the claimant consistently reported effective pain relief, which should reasonably result in greater abilities. In fact, Dr. Chaumont performed much of the claimant's pain management treatment after the date of Dr. Chapa's examination. Dr. Chapa failed to provide any specific findings to support the claimant's restrictions pertaining to sitting and walking. Additionally, I emphasize that although I found the claimant capable of greater lifting and walking abilities, Dr. Chapa's assessment is less restrictive than my [RFC] in [sic] the claimant's abilities to lift.

*Id.*

Contrary to the Plaintiff's claims, the ALJ's evaluation of Dr. Chapa's opinion complies with the applicable regulations and is supported by substantial evidence. As evidenced by his decision, the ALJ correctly recognized that because Dr. Chapa was an examining source, his opinions were not entitled to any special deference. *Id.*; 20 C.F.R. § 404.1527(c)(1).

And, as the Regulations further require, the ALJ also properly considered whether Dr. Chapa provided a specific explanation supporting the functional limitations he imposed and whether Dr. Chapa's opinions harmonized with the record as a whole, including the Plaintiff's own self-reported abilities. *Id.* at § 404.1527(c)(3)–(4). In doing so, the ALJ appropriately noted that Dr. Chapa did not offer a

particularized basis to support the sitting and walking restrictions he believed the Plaintiff required. (R. 1136, 1148). In addition, the ALJ identified evidence in the record demonstrating that the Plaintiff's capabilities in these areas were greater than Dr. Chapa had determined.

The Plaintiff's attempts now to bolster Dr. Chapa's opinion by pointing to other evidence in the record is misplaced. The fact that record evidence may exist that coheres with Dr. Chapa's conclusions provides no basis for the Court to overturn the ALJ's decision to give Dr. Chapa's opinion little weight. Indeed, the problem with the Plaintiff's argument is that it misapprehends the limited nature of the Court's appellate review, which precludes the Court from "re-weigh[ing] the evidence or substitut[ing] [its] judgment for that [of the Commissioner] . . . even if the evidence preponderates against" that decision. *Moore*, 405 F.3d at 1213 (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). The role of the Court on appeal instead is simply to assess whether the ALJ relied on substantial evidence and applied the correct legal standards. *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984) (per curiam); *Gray v. Comm'r of Soc. Sec.*, 2018 WL 3805866, at *2 (M.D. Fla. Aug. 10, 2018) (citing 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002)).

In this case, the ALJ did just that, and the Plaintiff fails to demonstrate otherwise. Because the ALJ properly considered Dr. Chapa's opinion together with

the other relevant evidence of record, the Plaintiff's challenge to the ALJ's evaluation of this examiner's assessment is without merit.[5]

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk is directed to enter Judgment in the Defendant's favor and to close the case.

DONE and ORDERED in Tampa, Florida, this 15th day of January 2021.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

---

[5] In light of this finding, the Court need not address the Plaintiff's additional contention that the ALJ erred by noting that "impairment ratings"—like the one Dr. Chapa assessed for the Plaintiff—"have no correlation to disability standards." (R. 25). As both sides tacitly acknowledge, the ALJ was not bound to assign any special significance to this determination made by Dr. Chapa. Moreover, the ALJ did not rely on this impairment rating as a basis to disregard the remainder of Dr. Chapa's opinion. Instead, the ALJ provided an adequate explanation for affording the doctor's opinion only minimal weight.